IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


JERRY LYNN GENTRY                                                    PLAINTIFF

v.                              Case No. 1:15-CV-1015

DAVID NORWOOD, *et al.*                                              DEFENDANTS


**ORDER**

Plaintiff, Jerry Lynn Gentry, submitted this *pro se* action for filing on March 11, 2015.  ECF No. 1.  Currently before the Court is Plaintiff's failure to follow a Court Order and failure to prosecute.

Plaintiff filed his Complaint on March 11, 2015.  ECF No. 1. Plaintiff submitted an incomplete *in forma pauperis* ("IFP") application with his complaint.  ECF No. 2.  The Court ordered Plaintiff to submit a completed IFP application no later than March 31, 2015.  ECF No 3.  The Order also advised Plaintiff to keep the Court apprised of any address changes. ECF No. 3.  Plaintiff filed his completed IFP and an Amended Complaint on April 7, 2015.  ECF Nos. 8, 9.  An Order granting IFP was entered on April 14, 2015, and service was ordered on the Defendants.  ECF No. 10.  Plaintiff has not communicated with the Court since April 7, 2015.

 On December 29, 2015, Defendants filed a Motion to Dismiss.  ECF No. 18.  Defendants state they are unable to effect service of correspondence on Plaintiff because Plaintiff has failed to keep the Court and Defendants apprised of his current address.  In support of the Motion to Dismiss, Defendants attached the mail return from the Arkansas Department of Correction showing that Plaintiff had been paroled.  ECF No. 20-1.  In light of the Motion to Dismiss, the Court entered a Show Cause Order on January 28, 2016, directing Plaintiff to show cause why his case should not

be dismissed for failure to follow the rules of this Court.  ECF No. 21.  He was informed his case would be subject to dismissal if he failed to respond.  The Order was not returned as undeliverable.[1] Plaintiff has failed to communicate with the Court, failed to provide an updated address, and failed to respond to the Court's Order to Show Cause.

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Local Rule 5.5(c)(2) states in pertinent part:

> **It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address**, to monitor the progress of the case, and to prosecute or defend the action diligently . . . **If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.**  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2) (emphasis added).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the Court.  *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* Court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'"  *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)).  Dismissal

---

[1]The Show Cause Order (ECF No. 21) was sent to the address Plaintiff provided to Ouachita County law enforcement officers when he was originally arrested.  It is the last known address of the Plaintiff.

with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a Court order" or "where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with the Court's Order to Show Cause. Plaintiff has also failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), this case should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

For the foregoing reasons, Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and Local Rules, has failed to comply with the Court's Orders, and has failed to prosecute this matter.

IT IS SO ORDERED, this 16th day of February, 2016.


/s/   Susan O. Hickey
Susan O. Hickey
United States District Judge